JOHN. S. KEDROVSKY, Appellant, *v.* ARCHBISHOP AND CONSISTORY OF THE RUSSIAN ORTHODOX GREEK CATHOLIC CHURCH and Others, Respondents.

First Department, February 4, 1921.

**Motions and orders — resettlement of order by striking out erroneous recital that certain papers were read on motion.**

The plaintiff is entitled to have an order, denying his motion to have certain moneys held by the chamberlain of the city of New York paid over to him, resettled by striking therefrom recitals that certain papers were read on the motion, where the plaintiff's affidavit that said papers were not read is uncontroverted and the memorandum and opinion of the court is to the same effect, and there is nothing to show that the court had any independent recollection to the contrary.

APPEAL by the plaintiff, John S. Kedrovsky, from an order of the Supreme Court, made at the New York Special Term

First Department, February, 1921.          [Vol. 195.

and entered in the office of the clerk of the county of New York on the 24th day of March, 1920, denying plaintiff's motion to resettle the order entered herein on the 18th day of March, 1920.

*Ralph M. Frink,* for the appellant.

*Edward J. Martin,* for the respondents.

*Francis N. Bangs* of counsel [*Merrill E. Gates, Jr.,* receiver], as *amicus curiæ.*

LAUGHLIN, J.:

It appears by affidavit that Francis S. Bangs was duly appointed, by an order made in this action, a receiver of certain property which is the subject-matter of the litigation and· that by an order duly made and entered on the 18th day of July, 1919, defendant Nemolovsky, archbishop of the defendant church, was ordered and required to deliver to the receiver certain of the property, described in the order, and the proceeds of the sale of certain of the property sold by the defendants since the 17th day of October, 1918, and that after the service upon said defendant of a certified copy of the order, he failed to comply therewith in that he failed to pay over to the receiver the sum of $2,041.96, being the proceeds of sales of the property. Thereafter, on the plaintiff's motion, an order was duly made at Special Term and entered on the 26th day of November, 1919, adjudging said defendant in contempt for failing to turn over said sum to the receiver as required by said order and further adjudging that said misconduct of said defendant was calculated to and did defeat, impair, impede and prejudice the rights and remedies of the plaintiff to his loss and damage in said sum and that the funds of the trust estate in the hands of the receiver applicable to the purposes of the trust specified in the complaint and to the expenses of the action and receivership were thereby diminished and lessened to the extent of said sum and said defendant was thereby fined said amount and required to pay the same pursuant to article 19 of the Judiciary Law, and in default thereof it was ordered that he be committed until he complied therewith or should be discharged according to law. The order did not specify

to whom the fine should be paid.    It appears by the affidavit
of the attorney for the plaintiff that when the parties were
before the court with respect to the determination of the
amount of the fine to be imposed on said defendant, it was
suggested that said defendant claimed to have applied part
of the money to the benefit of the trust estate and that, there-
fore, he might be entitled to a credit on the fine therefor and
that the plaintiff's attorney thereupon stated that if said
defendant wished to litigate that question he would consent
that the fine be deposited in court pending a decision on the
point, and accordingly when said defendant was ready to
pay the fine he stipulated that an order might be entered
permitting the payment of the fine to the chamberlain of the
city of New York and that it was stated in the stipulation
and in the order entered thereon that the intention of the
plaintiff's attorney in so consenting was to afford said defendant
a reasonable additional time to make motions as he might be
advised with respect to said fine and not to give him any new
or additional right or to prejudice any rights of the plaintiff
under the original order, and that pursuant to the order as
thus modified the money was paid to the chamberlain who
gave a receipt therefor which plaintiff holds.    An affidavit
made by the attorney for the respondents shows that he was
of the opinion that the fine should be paid to the receiver,
and that the attorneys appeared at Special Term before the
justice who made the order modifying the original order by
requiring that payment be made to the chamberlain, and that
said modified order was drawn by the attorney for the plaintiff
after the attorney for the defendants had ascertained from
the chamberlain's office that the fine would be placed to
the credit of the action, and that the defendants' attorney had
consistently contended that the fine was imposed to take the
place of the property wrongfully sold and that it should be
retained either in court to the credit of the action, as it has
been paid, or by the receiver.    It appears that the receiver
Bangs died and thereafter a motion was made by the plaintiff
for an order requiring the chamberlain to pay over the amount
of the fine to the plaintiff and that motion was denied and
an order denying it was entered on the 18th of March, 1920.

First Department, February, 1921.        [Vol. 195.

That order recites, among other things, that the order appointing the receiver and the affidavits and motion papers upon which it was made and the order directing said defendant to turn over to the receiver the contents of the church stores or the proceeds of the sale or sales of such part of the stocks of goods therein as had been sold and disposed of by the defendants since October 17, 1918, and the affidavits and motion papers upon which said order was made, were read on the motion for the order requiring the chamberlain to pay over to the plaintiff the amount of the fine so deposited with him. The memorandum decision and opinion of the court denying the motion does not show that any of those papers were before the court and an affidavit made by the attorney for the plaintiff, which is uncontroverted, shows that they were not made part of the motion papers or presented or read by either party or by the court on the hearing and decision of the motion. Plaintiff evidently contemplates appealing from the order and it appears that these papers which were not read on the motion are very voluminous. Without intending to encourage an appeal from the order denying plaintiff's motion to have the money paid over to him, we are of opinion that the plaintiff is entitled to have it resettled by eliminating the erroneous recitals that these papers were read on the motion. Where there is a question of fact with respect to the reading of papers on a motion, arising either on the affidavits or on the affidavits and the recollection of the court, the determination of the court is ordinarily controlling; but here plaintiff's affidavit is uncontroverted and the record of the court by the memorandum and opinion is to the same effect and there is nothing to show that the court had any independent recollection to the contrary.

It follows that the order denying plaintiff's motion to resettle the order should be reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs.

CLARKE, P. J., DOWLING, PAGE and GREENBAUM, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.